UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, )<br>successor to NATIONAL CITY BANK, )<br>successor to THE PROVIDENT BANK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) CASE NO.: 1:10-cv- 0631-SEB-TAB<br>JANUS BUILDING, LLC, )<br>CORNELIUS M. ALIG, )<br>)<br>Defendants. ) | |

### ENTRY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Docket No. 94)

Plaintiff, PNC Bank, National Association, successor to National City Bank, the successor to The Provident Bank ("PNC"), filed its Motion for Summary Judgment (the "Motion") on December 31, 2012. None of the Defendants responded and the time for their responses under the Court's Local Rules has long expired. The Court, having reviewed the Motion and being advised in the premises, now finds that: (a) there are no genuine issues of material fact; (b) that Plaintiff's Motion should be GRANTED; and (3) judgment should enter in favor of Plaintiff as follows:

1.  The Court has jurisdiction over all parties subject to the ruling herein and the subject matter of this action.

2.  This matter is before the Court on PNC Bank's <u>Motion for Summary Judgment</u> filed on December 31, 2012 against Defendants Janus Building, LLC ("Defendant Janus"), W. Robert Echols ("Defendant Echols") and Charles R. Cagann ("Defendant Cagann").

3. Defendant Cornelius M. Alig ("Alig") is a Debtor in a Chapter 7 bankruptcy pending in the United States Bankruptcy Court for the Southern District of Indiana under Case No. 12-04998-BHL-7 and is not personally subject to this Judgment.

4. Defendant Cagann was dismissed from this action on March 11, 2013 pursuant to the Court's Order Granting Joint Motion for Dismissal of Charles R. Cagann as Party Defendant (Document No. 101).

5. Defendant Echols was dismissed from this action on March 27, 2013 pursuant to the Court's Order Granting Joint Motion for Dismissal of W. Robert Echols as Party Defendant (Document No. 105).

6. Pursuant to the Motion of Richard C. Richmond, III to withdraw as counsel for Defendant Janus, the Order on October 13, 2011 Telephonic Status Conference (Document No. 75), granted Mr. Richard's Motion and Defendant Janus was provided 30 days to retain replacement counsel. To date, counsel has not appeared for Defendant Janus.

7. The background for the Complaint and the Motion for Summary Judgment is that on or about January 23, 2003, The Provident Bank made loans to Defendant Janus in the principal amounts of $3,787,659.00 and $225,000.00 (the "Loans") for the purpose of purchasing and renovating a 63,700 square foot building located at 240 South Meridian Street, Indianapolis, Indiana (the "Janus Building"), into apartments, underground parking, and retail space.

8. The Loans are evidenced by a Promissory Note dated January 23, 2003 in the principal amount of $3,787,659.00 ("Note 1") and a Promissory Note dated January 23, 2003 in the principal amount of $225,000.00 ("Note 2"). Note 1 and Note 2, as may have been further modified, restated or amended from time to time, are collectively referred to herein as the "Notes". Copies of the Notes are attached to the Complaint as **Exhibits 2** and **3**, respectively.

9. The Notes are secured by a mortgage lien on and a security interest in certain real estate (the "Mortgaged Real Estate") and personal property (the "Personal Property Collateral") owned by Defendant Janus located on and at the Janus Building located in Indianapolis, Indiana, as described in an Open-End Construction, Mortgage, Assignment of Rents and Leases and Security Agreement (the "Mortgage") granted in favor of The Provident Bank dated January 23, 2003 and recorded in the Office of the Recorder of Marion County, Indiana on January 24, 2003 as Instrument No. 2003-0016706. A copy of the Mortgage is attached to the Complaint as **Exhibit 4**.

10. The legal description of the Mortgaged Real Estate mortgaged to The Provident Bank pursuant to the Mortgage is attached to the Mortgage.

11. The Provident Bank's interest in the Mortgaged Real Estate and Personal Property Collateral was further secured by a Financing Statement filed with the Indiana Secretary of State with Filing Number 00300008585485. A copy of the UCC is attached to the Complaint as **Exhibit 5**.

12. A "Junior Mortgage and Standby Agreement" dated on or about January 23, 2003 with Janus Building, LLC as the Mortgagor and Cornelius M. Alig as the Mortgagee was recorded on January 24, 2003 as Instrument Number 2003-0016708 in the Office of the Recorder of Marion County, Indiana (the "Junior Mortgage"). A copy of the Junior Mortgage is attached to the Complaint as **Exhibit 9.**

13. The Junior Mortgage is subordinate to the Mortgage granted to PNC Bank by virtue of its specific terms, date and time of recordation.

14. On March 4, 2005 The Provident Bank was merged into National City Bank pursuant to the approval and with the consent of the Office of the Comptroller of the Currency

(Affidavit of Nicholas Wymer, filed in support of the Motion for Summary Judgment (Document 94-1) ("Wymer Affidavit", ¶ 3 and **Exhibit B** attached thereto).

15.     On October 27, 2009, National City Bank was merged into PNC Bank pursuant to the approval and with the consent of the Office of the Comptroller of the Currency (Wymer Affidavit, ¶ 3 and **Exhibit C** attached thereto).

16.     PNC Bank is the successor to National City Bank and The Provident Bank.

17.     Defendant Janus is in default under the Notes by, among other things, the failure to pay the Notes on or by their maturity dates of August 1, 2009.

18.     The entire unpaid principal balance on the Notes and all accrued and unpaid interest is immediately due and payable to PNC Bank.

19.     Pursuant to the Wymer Affidavit, as of November 26, 2012, the principal, interest charges, late fees and the legal fees due and owing to PNC Bank under Note 1 are as follows:

| **Promissory Note #1** | |
|---|---|
| Principal | $2,898,700.04 |
| Interest to November 26, 2012 | $6,025.93 |
| Late Fees | $160,489.81 |
| Attorneys Fees and expenses | $64,217.75 |
| **Total** | **$3,129,433.53** |

20.     Pursuant to the Wymer Affidavit, as of November 26, 2012, the principal, interest charges, and late fees due and owing to PNC Bank under Note 2 are as follows:

| **Promissory Note #2** | |
|---|---|
| Principal | $190,734.09 |
| Interest to November 26, 2012 | $396.51 |
| Late Fees | $10,535.58 |
| **Total** | **$201,666.18** |

21.     Pursuant to the Loan Documents, PNC Bank is also entitled to recover its late charges, costs, and attorneys' fees associated with this action or otherwise incurred as a result of an Event of Default on the Notes.

22. Pursuant to the Affidavit of attorney Brandt Hardy Regarding Fees and Expenses filed herein in support of the Motion for Summary Judgment (Document 94-2), PNC Bank has incurred attorney fees through November 26, 2012 in the amount of $64,217.75.

23. On and after November 27, 2012, interest, fees and costs continue to accrue under the terms of the Notes and related Loan Documents and are part of the obligations owing from the Defendant Janus to PNC Bank.

24. Pursuant to the Notes and related loan documents, PNC Bank is entitled to recover its costs and attorneys' fees associated with this action.

25. The present owner of the Mortgaged Real Estate and Personal Property Collateral is Defendant Janus.

26. PNC Bank's Mortgage and liens on the Mortgaged Real Estate and the Personal Property Collateral are first and senior to any and all claims, liens or interests of Defendant Janus, the liens of the Junior Mortgage and all of Defendants claims are junior, inferior and subordinate to the liens held by PNC Bank pursuant to the Mortgage.

27. Pursuant to the Mortgage, PNC Bank has a first and senior claim and lien on all rent and the proceeds thereof arising from and relating to the operation of Janus Building, LLC.

28. Pursuant to the operation of the provisions of Indiana Code § 32-30-11-3, the filing of the Complaint on May 21, 2010 constituted *lis pendens* notice to any party asserting any interest or claim in the Mortgaged Real Estate on and after May 21, 2010 that said interest or claim was subject to the proceeding of foreclosure commenced herein by the Complaint.

29. All conditions precedent required to give rise to PNC Bank filing this action under the terms of the Notes and related loan documents have occurred, been waived, or have otherwise been deemed satisfied and PNC Bank has not waived the defaults of Defendant Janus.

30. Defendant Janus has not filed a reply to PNC Bank's Motion for Summary Judgment by January 29, 2013 as required pursuant Local Rule 56-1 of the Local Rules of the United States District Court for the Southern District of Indiana.

31. In the Motion for Summary Judgment, PNC Bank advised the Court that pursuant to a <u>Consent to Relief from Stay</u> filed in Alig's bankruptcy on December 27, 2012 as (Bankruptcy Document Number 113) and the <u>Order Lifting the Automatic Stay</u>, Bankruptcy entered on December 28, 2012 (Document Number 115), PNC Bank is entitled to foreclose out the subordinate interest of Alig pursuant to the Junior Mortgage.

THE COURT THEREFORE RULES:

PNC Bank is hereby granted a personal judgment against Defendant Janus in the total amount of $3,331,099.71 as of November 26, 2012, plus interest as it continues to accrue at the rate set forth in the Notes through the date of this Judgment and then at the rate established by 28 U.S.C. §1961 until paid; plus reasonable attorney fees and expenses of $64,217.75 as of November 26, 2012, together with any and all other amounts as are due and owing under the loan documents referenced herein including, but not limited to, all costs of collection to be incurred by PNC Bank in this action for title search and appraisal fees, insurance and maintenance expenses and taxes;

A. PNC Bank's Mortgage and lien on the Mortgaged Real Estate and Personal Property Collateral is a valid and subsisting lien and it is first and senior to any lien, claim or interest of Defendant Janus, the Junior Mortgage and any and all interests and claims filed against the Mortgaged Real Estate on and after May 21, 2010, with all such claim and interests being inferior and junior to that of PNC Bank and foreclosed hereunder;

B.  PNC Bank is granted a foreclosure judgment against Defendant Janus as to the Mortgaged Real Estate that is legally described as follows:

Parcel 1:

Part of Square eighty-seven (87) of the Donation Lands of the City of Indianapolis, more particularly described as follows, to wit:

Beginning at a point on the east line of said Square 87, being the west line of Meridian Street, 74 feet north of the southeast corner of said Square 87; thence north upon and along said east line 33 feet; thence west parallel to said south line of said Square 87, 202 feet and 6 inches to an alley, now McCrea Street; thence south upon and along the east line of said alley 33 feet; thence east parallel to the south line of said Square 87, 65 feet; thence South parallel to the east line of said square 87, 74 feet to the south line of said Square 87, being the north line of Louisiana Street; thence east upon and along said south line 72 feet and 11 inches to a point 64 feet and 7 inches west of the west line of Meridian Street; thence north parallel to the east line of said Square 87, 74 feet; thence east 64 feet and 7 inches to the place of beginning; the same being commonly known as the south half of Lot numbered five (5), and the  following described part of Lot numbered six (6) in Morris Subdivision of Square 87 of the Donation Lands of the City of Indianapolis, the plat of which is recorded in Land Record X, page 165, in the Recorder's office of Marion County, Indiana, to wit: Beginning at a point on the south line of said Lot 6, 64 feet and 7 inches west of the southeast corner of said Lot; thence west upon and along said south line, being the north line of Louisiana Street, 72 feet and 11 inches; thence north parallel to the east line of said Lot, 74 feet to a point in the north line of said Lot; thence east upon and along said north line 72 feet and 11 inches; thence south 74 feet to the place of beginning.

Parcel 2:

Sixty-five (65) feet off the entire West end of Lot Number Six (6) in the Subdivision made by Morris Morris of square 87 of the Donation Lands of the City of Indianapolis as per plat thereof recorded in Deed Record X, page 165 and 679, in the Office of the Recorder of Marion County, Indiana, being all that part of said Lot Number Six (6) lying West of the East side of the East foundation wall of the Sherman Hotel Building now situated on the West end of said Lot.

C. All liens on the Mortgaged Real Estate and Personal Property Collateral, including PNC Bank's liens, shall be, and the same hereby are, foreclosed. The equity of redemption of Defendant Janus and all persons claiming from, under or through them and as to the Mortgaged Real Estate and any equity of redemption arising from and pursuant to the Junior Mortgage are, and forever hereby, barred and foreclosed;

D. Any and all right, title and interest of Defendant Janus, and all persons claiming from, under or through it, in and to the Mortgaged Real Estate and Personal Property Collateral, any and all right, title and interest in the Mortgaged Real Estate and Personal Property Collateral pursuant to the Junior Mortgage and any and all right, title and interest in the Mortgaged Real Estate and Personal Property Collateral arising from any interest or claim filed on or after May 21, 2010 shall be foreclosed and the Mortgaged Real Estate and Personal Property Collateral shall be sold by the United States Marshal in the manner as by law provided, without relief from valuation and appraisement laws and any proceeds thereof shall be applied to the following order:

1. To the payment of real estate taxes on the Mortgaged Real Estate.

2. To the payment of the costs of this action, accrued and to be accrued, together with the costs and expenses of the United States Marshal relating to the sale of the Mortgaged Real Estate.

3. To satisfy PNC Bank on its judgment as set forth in paragraph "A".

4. Any remaining sums after payment of the above shall be paid to the Clerk of this Court to be distributed, as the Court deems proper.

AND IT IS FURTHER ORDERED that the United States Marshal is authorized to sell the Mortgaged Real Estate with a proper deed issued according to law to the purchaser(s) at said sale.

AND IT IS FURTHER ORDERED that the United States Marshal is authorized to sell the Personal Property Collateral with a proper bill of sale issued according to law to the purchaser(s) at said sale.

AND IT IS FURTHER ORDERED that PNC Bank shall have the right to credit bid at the Marshal sale, and in the event it is a successful bidder, to apply the amount of the Judgment herein rendered in its favor, or so much thereof as may be required as a credit toward the purchase price of the Mortgaged Real Estate.

AND IT IS FURTHER ORDERED that upon execution by the United States Marshal of a deed of conveyance of the Mortgaged Real Estate sold hereunder, if not previously redeemed by the person or persons entitled thereto, any person who may be in possession of the Mortgaged Real Estate or any part thereof, except tenants with valid and enforceable leases, upon demand and exhibition of the Marshal deed, or a true copy thereof, shall forthwith surrender the Mortgaged Real Estate to the holder of such Marshall deed, in the event such person in possession of the Mortgaged Real Estate shall refuse to fully and peacefully surrender possession of the Mortgaged Real Estate, the Marshal shall forthwith vacate the Mortgaged Real Estate and give full and peaceful possession thereof to the purchaser of the Marshal deed.

AND IT IS FURTHER ORDERED that a copy of this Judgment, duly certified by the Clerk of the United States District Court, under the seal of this Court, shall be sufficient authority for the United States Marshal to proceed in accordance with the laws of this state to advertise and sell at public auction, without relief from valuation and appraisement laws and without any

right of redemption the whole of the above property together with the rents, issues, income an profits thereof to satisfy this judgment, interest and cost.

A separate judgment shall issue in accordance with Fed. R. Civ. P. 58

DATED: 05/28/2013

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

**Brandt N. Hardy**
PLUNKETT COONEY
bhardy@plunkettcooney.com,thargis@plunkettcooney.com

**Andrew W. Hull**
HOOVER HULL LLP
awhull@hooverhull.com,fgipson@hooverhull.com

**Pamela A. Paige**
PLUNKETT COONEY
ppaige@plunkettcooney.com,amiller@plunkettcooney.com

**J. Dustin Smith**
PLUNKETT COONEY PC
jsmith@plunkettcooney.com,amiller@plunkettcooney.com